**KY LAY LUONG, Petitioner,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

No. 06–73580.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed June 4, 2008.

---

\* The Respondent has been substituted for his predecessor pursuant to Fed. R.App. P. 43(c)(2).

Andrew P. Bridges, Scotia J. Hicks, Winston & Strawn, LLP, San Francisco, CA, for Petitioner.

Ky Lay Luong, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Jamie M. Dowd, Lance L. Jolley, Oil, Michele Y.F. Sarko, U.S. Department of Justice Civil Division/Office, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL, District Judge.**

MEMORANDUM ***

Ky Lay Luong is a native and citizen of Vietnam who, along with his family, was admitted into the United States on September 29, 1975. In 1999, Luong married U.S. citizen Patricia Rodriguez Luong, the mother of his fifteen-year-old son and his twenty-year-old step-daughter. Currently, Luong does not have any family members in Vietnam.

** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In 1986, following a trial that resulted in a hung jury, Luong pled guilty to assault with a firearm and vehicle theft. In 1998, Luong pled no contest to robbery in the second degree. On December 7, 1999, Luong was served with a Notice to Appear issued on the basis of his 1986 conviction. In May of 2000, while removal proceedings were pending before the Immigration Judge ("IJ"), Luong's wife filed an I–130 spousal visa application. Initially, the IJ continued the proceedings pending adjudication of the I–130 application. The Government moved to pretermit consideration of the I–130 visa on the ground that Luong's criminal convictions would bar his adjustment status even if the I–130 application were approved.

In the proceedings before the IJ, Luong sought both adjustment of status pursuant to § 245 of the Immigration and Nationality Act ("INA") based on his I130 application and cancellation of removal.[1] The Government argued that Luong's 1986 conviction constituted an aggravated felony that would bar his adjustment status, and that even if the 1986 conviction were waived Luong would need further relief to waive his 1998 conviction. On February 11, 2005, the IJ denied Luong discretionary relief. Luong appealed, and on June 15, 2006, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision.

■ Luong asks this Court to consider whether INA §§ 212(c) and 212(h) may be applied simultaneously to waive all grounds for removability. Luong contends that he is entitled both to a waiver of his 1986 conviction pursuant to § 212(c) and to a waiver of his 1998 conviction pursuant to § 212(h). This precise argument was not addressed by the BIA. The Government contends that the argument may not be raised here because Luong has failed to exhaust his administrative remedies.

However, while his position was not articulated as clearly below as it is on appeal, it is apparent from the record that Luong did not waive his argument for simultaneous application of these provisions. In his appeal to the BIA, Luong asserted expressly "that the IJ erred in not permitting him to proceed forward on applications for relief under former INA § 212(c) and under INA § 212(h). Luong argues that the simultaneous application of both waivers would act to remove all grounds of removability." The BIA found only that Luong could not obtain a waiver of all grounds for removability pursuant to § 212(c) without consideration of the application of § 212(h).

■ "A court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (internal citations and quotations omitted). This is particularly true where the agency has not yet considered the issue. Id. at 17, 123 S.Ct. 353. Accordingly, we vacate the BIA's decision that Luong is not entitled to discretionary relief and remand for consideration of Luong's eligibility under a simultaneous application of §§ 212(c) and 212(h).

**VACATED and REMANDED with instructions.**

IKUTA, Circuit Judge, dissenting:

We do not have jurisdiction to consider Luong's § 212(h) argument, either alone or as part of his theory of simultaneous relief, because he failed to exhaust it.

---

1. Luong also asserted claims of political asylum and protection under the Convention Against Torture. Those claims are not at issue in this appeal.

The IJ concluded that Luong was ineligible for § 212(h) relief, in part because Luong did not file form I–601, paperwork necessary for seeking such relief. In his appeal to the BIA, Luong stated that the IJ erred in reaching this conclusion, but then admitted he had not filed the paperwork and expressly abandoned his § 212(h) argument. The relevant portion of Luong's brief to the BIA states:

Luong, through present counsel, asserts that the IJ erred in not permitting him to proceed forward on applications for relief under former INA § 212(c) and under INA § 212(h). Luong argues that the simultaneous application of both waivers would act to remove all grounds of removability.

*At this moment, given that the relative petition was not approved at the time of appeal and that a form I–601 for a section 212(h) waiver was not submitted into the record, Luong does not contest the IJ's finding regarding section 212(h) relief.* Furthermore, Luong does not contest the other decisions entered by the IJ regarding voluntary departure, withholding of removal, or Article Three of the Convention Against Torture.

(emphasis added).

Because Luong expressly abandoned the § 212(h) issue, his appeal was not sufficient "to put the BIA on notice that he was challenging the IJ's ... determination" or to give "the agency ... an opportunity to pass on th[e] issue." *Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). Accordingly, Luong failed to exhaust the § 212(h) issue, we lack jurisdiction to consider it, and the petition should be denied. *See id.*